UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES         )( | |
| )( | Criminal No. 06-200-01 |
| v.                    )( | Judge Kollar-Kotelly |
| )( | Status/Plea: November 16, 2006 |
| ADAM HAMILTON         )( | |

### UNOPPOSED MOTION TO CONTINUE HEARING

COMES NOW the defendant, Adam Hamilton, by and through undersigned counsel, and respectfully moves this Honorable Court to continue the status hearing that is scheduled for November 16, 2006 to a later date that is agreeable to the Court and the parties. In support of this motion, Mr. Hamilton would show:

1.      Currently, this case is scheduled for a status hearing on November 16, 2006. It has been expected that Mr. Hamilton would enter a plea at this hearing. The parties have been working hard to put together a comprehensive plea covering this case and a related case in Maryland. All details of the plea had been worked out, and it appeared that the plea was ready to go forward on November 16, 2006. Under the plea agreement that had been worked out, Mr. Hamilton would plead guilty to one count of being a felon in possession of firearm (18 U.S.C., Section 922(g)). The parties believed that, under this plea, Mr. Hamilton would be exposed to a maximum sentence of ten years incarceration. See 18 U.S.C., Section 924(a)(2).

2.      Just today, a detail came to light that raises concerns that Mr. Hamilton might be subject to the armed career offender provision of 18 U.S.C., Section 924(e). If Mr. Hamilton qualifies as an armed career offender, he will be subject to a mandatory

fifteen-year minimum sentence, 18 U.S.C., Section 924(e)(1), and a potential maximum sentence of life, see United States v. Brame, 997 F.2d 1426 (11th Cir. 1993); United States v. Bland, 961 F.2d 123 (9th Cir. 1992).  This, of course, would be drastically different from the sentence the parties were contemplating when the plea agreement was being worked out.

      3.     In order for Mr. Hamilton's plea to be knowing and voluntary, he must be properly informed about his potential exposure and any possible mandatory minimums that might apply.  Accordingly, he now asks that the status hearing that is scheduled for November 16, 2006 be continued to a later date that is agreeable to the Court and the parties.  This will give Mr. Hamilton and the government time to figure out whether or not Mr. Hamilton is subject to treatment as an armed career offender.  Mr. Hamilton is willing to waive his speedy trial rights until the date of the continued status hearing.

      4.     Mr. Hamilton requests that the Court still hold a status hearing on November 16, 2006.  This way, a date for a continued status hearing that is agreeable to the Court and the parties can be easily chosen.  Additionally, Mr. Hamilton can formally waive his speedy trail rights on the record.  Finally, the parties believe that the Court might be able to assist them in determining whether or not Mr. Hamilton qualifies for treatment as an armed career offender, and they would like to address the Court about this on November 16, 2006.

      5.     On November 14, 2006, undersigned counsel spoke with Assistant United States Attorney Perham Gorji.  Mr. Gorji graciously indicated that the government has no

objection to continuing the status hearing that is scheduled for November 16, 2006 to a later date.

WHEREFORE, the defendant, Adam Hamilton, moves this Honorable Court to continue the status hearing that is scheduled for November 16, 2006 to a later date that is agreeable to the Court and the parties.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith
Counsel for Adam Hamilton
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
Phone: (202) 347-6101