**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-200 (1) (CKK)** |
| | : | |
| **ADAM HAMILTON** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### UNITED STATES' MEMORANDUM  IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 188 months of imprisonment, followed by 5 years of supervised release.  In support thereof, the United States respectfully states the following:

Background

1.        On June 7, 2006, defendant Adam Hamilton ("Defendant Hamilton") wilfully failed to appear for status hearings in D.C. Superior Court Case No.  2006CMD4248 (charging one count of possession of cocaine and one count of possession heroin) and D.C. Superior Court Case No. 2006CMD8310 (charging one count of possession of cocaine and one count of possession of drug paraphernalia), before the Honorable Ann O'Regan Keary, a D.C. Superior Court judge, after having previously been released in those cases and singing notice to return to court on June 7, 2006. Defendant Hamilton's failure to appear was willful and intentional, and not the result of inadvertence or mistake.  Bench warrants were issued for the defendant's arrest in both cases.

2.     On June 8, 2006, Defendant Hamilton and Severn Jackson, a.k.a. Lucy or Lu Lu ("Ms. Jackson"), drove in Defendant Hamilton's Dodge pickup truck to a residence at 23301 Mount Ephraim Road, Dickerson, Maryland, for the purpose of committing a burglary. Defendant Hamilton and Ms. Jackson broke into the residence at approximately 1:00 p.m. Ms. Jackson took from the residence eight (8) firearms, ammunition, a laptop computer, and other items that are unknown to Defendant Hamilton at this time. After Defendant Hamilton and Ms. Jackson committed the burglary in Maryland and placed the stolen items in his vehicle, Defendant Hamilton drove himself and Ms. Jackson to Washington, D.C., with the intention of selling the stolen items in exchange for money or drugs. At some point during the afternoon, Ms. Jackson sold the laptop computer in exchange for drugs or money. At some point during the afternoon, Defendant Hamilton and Ms. Jackson picked up defendant Carroll Wills, a.k.a. Starr ("Defendant Wills"), to facilitate selling the guns Defendant Hamilton and Ms. Jackson had stolen earlier that day.

3.     At approximately 6:20 p.m. that same day, Officer Lakomec of the Metropolitan Police Department ("MPD") was on patrol when he began to follow Defendant Hamilton's Dodge pickup truck because it was reported stolen in Montgomery County. The pickup truck was registered to Defendant Hamilton, who had reported it stolen on April 28, 2006. Officer Lakomec subsequently lost sight of the pick up truck. Shortly therafter, MPD Officer Dempster spotted the truck parked in the 300 block of 54th Street, N.E. Officers then arrived in the area and set up surveillance on the truck. The officers saw Defendant Hamilton walk over to the Dodge and reach into the bed of the pickup truck. Defendant Hamilton then walked into an alley out of the officers' view. Within minutes, Defendant Hamilton came out of the alley and got into the driver's seat of the pickup truck and drove away. The officers followed the truck and made a traffic stop in front of 328 56th Street,

N.E. MPD Officer Katz approached the passenger side of the truck and Officers Mudd and Lakomec approached the driver's side. When the officers got to the truck, they determined that it was occupied by three individuals. Defendant Hamilton was in the driver's seat, Defendant Wills was in the rear seat on the passenger side and Severn Jackson was in the front passenger seat. The officers ordered all three of the occupants to get out of the truck.

4.      When Ms. Jackson got out of the truck, a crack pipe dropped to the ground. Defendants Hamilton and Wills got out of the truck, and Officer Lakomec saw several boxes of ammunition inside of an open black bag on the rear floor board of the truck and a small amount of crack in a plastic container on the rear seat where Defendant Wills had been sitting. When Defendant Hamilton got out of the truck, he told the officers that he owned the truck. The truck was in fact registered to Defendant Hamilton, who later explained that he had reported the truck stolen but forgot to notify the police to cancel the lookout when he subsequently recovered the truck.

5.      All three occupants of the truck were placed under arrest and the officers searched the truck. The search resulted in the recovery of a Ruger .22 caliber revolver, loaded with 6 rounds of ammunition from under the front passenger seat. Two boxes of .22 caliber bullets (72 rounds) were recovered from the map pocket on the front passenger side door. Inside a bag on the rear floorboard, but partially in plain view, the officers recovered over two hundred rounds of ammunition, specifically: three boxes (88 rounds) of 12 gauge shotgun shells; seven boxes (93 rounds) of .243 caliber ammunition; two boxes (35 rounds) of .410 gauge shotgun shells; one box (2 rounds) of .223 caliber ammunition; one box (12 rounds) of .30 caliber carbine ammunition. The white substance inside the clear plastic container located next to where defendant Wills had been seated field tested positive for cocaine base. In addition, three full length shotguns and four long

rifles were found wrapped in a blanket in the bed of the truck, specifically: a Remington Model 700 .243 caliber rifle; a Winchester Model 70 blot action 7mm rifle; a Marlin Goose Gun, bolt action 12 gauge shotgun; a Mossberg Model 341 bolt action .22 caliber rifle; a Stevens Model 67 pump action 12 gauge shotgun; a Thompson Center Arms .223 caliber pistol; a Hanover Arms double barrel shotgun.

6.    The firearms and ammunition recovered from the truck were stolen from the farm home of Kevin Savage, located on 23301 Mount Ephraim Street, Dickerson, Maryland, that same day, June 8, 2006, between 10:30 a.m. and 1:00 p.m. Mr. Savage was able to identify the firearms and additional property recovered from Defendant Hamilton's truck as belonging to Mr. Savage.

7.    The crack cocaine found in plain view next to where Defendant Carroll Wills had been seated in the pickup truck was analyzed by the Drug Enforcement Administration, and was determined to be .99 grams of cocaine base. Defendant Hamilton had not seen the crack cocaine prior to Defendant Wills' entering the vehicle and was unaware of it until its seizure by the police.

8.    Prior to committing the burglary at 23301 Mount Ephraim Road, Dickerson, Maryland, Defendant Hamilton had recently cleaned out his pickup truck and was not aware of any firearms in his vehicle prior to committing the burglary. In addition, at the time of the offense on June 8, 2007, Defendant Hamilton had previously been convicted of a crime punishable by more than one year imprisonment, including a conviction on March 28, 2000, of First Degree Burglary, in Maryland Criminal Case No. 3D00079278.

9.    On July 6, 2006, Defendant Hamilton was indicted on the following three charges: Unlawful Possession of Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) ("Count One of the Indictment"); Unlawful Possession of Firearm by a Person Convicted of a Crime Punishable

by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) ("Count

Two of the Indictment"); and Unlawful Possession of Ammunition by a Person Convicted of a Crime

Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1)

("Count Three of the Indictment").

       10.     To his credit, the defendant accepted responsibility for his conduct at an early stage

in this case.  In anticipation of a plea agreement, the government filed a two-count information, on

November 13, 2006, charging the defendant with Unlawful Possession of Firearm and Ammunition

by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in

violation of 18 U.S.C. § 922(g)(1) (hereinafter, the "felon in possession charge" or "Count One of

the Information"); Bail Reform Act Failure to Appear, in violation of Title 23, D.C. Code, Section

1327 (hereinafter, "D.C. Code BRA" or "Count Two of the Information").  Ultimately, Defendant

Hamilton pled guilty on January 30, 2007, to both counts of the Information, pursuant to the

government's plea offer.

       11.     As part of the plea agreement, the government agreed not to prosecute Defendant

Hamilton further for the conduct set forth in the Statement of Offense.  The government promised

to move to dismiss the charges in the Indictment against Defendant Hamilton in the above captioned

case at the time of sentencing.  The government also promised after sentencing in this case to move

to dismiss the following D.C. Superior Court cases:  2006CMD4248 (possession crack & pdp);

2006CMD8310 (possession cocaine & possession heroin); and 2006CMD11742 (BRA).

Furthermore, the government promised to secure a letter of declination from the Maryland State's

Attorney's Office whereby the Maryland State's Attorney's Office would agree not to prosecute

Defendant Hamilton for the burglary related offenses occurring on June 8, 2006, at 23301 Mount

Ephraim Road, Dickerson, Maryland [Montgomery County Case No. 005D00180465; warrant number D060440236]. Finally, the government agreed not to oppose a three-point reduction for early acceptance of responsibility or a request by the defendant for a sentence at the low end of the defendant's applicable range of incarceration under the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G").

Statutory Penalties

12.     As a result of Defendant Hamilton's three prior "violent felony" convictions, pursuant to Title 18 United States Code, Section 924(e), the felon in possession of a firearm charge carries a penalty of imprisonment of up to life and not less than 15 years, as well as a period of supervised release of not more than five years, pursuant to Title 18 United States Code, Section 3583, and a fine up to $250,000, pursuant to Title 18 United States Code, Section 3571. A special assessment of $100 must also be issued under Title 18 United States Code, Section 3013.

13.     Pursuant to Title 23, D.C. Code, Section 1327, the BRA conviction carries a penalty of not less than 90 days and not more than 180 days imprisonment, and a fine not greater than the maximum fine provided for in the misdemeanor case in which he failed to appear (i.e., $1,000). A special assessment of $50 to $250 must also be imposed under Title 4, D.C. Code, Section 516.

Sentencing Guidelines

14.     Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's total offense level is 31. U.S.S.G.

§§4B1.4(b)(3)(A) and 3E1.1.[1]  The defendant's criminal history is 21 points, placing him in criminal history Category Six.  U.S.S.G. Chapter 5, Part A.  Accordingly, the defendant's applicable range of incarceration is 188 to 235 months of imprisonment.  U.S.S.G. §5D1.2(c)(2).  The Sentencing Guidelines also provide for a period of supervised release of at least five years.  U.S.S.G. §§5D1.2(a)(1) and (b)(2).  The fine range under the Sentencing Guidelines is $15,0000 to $150,000.

---

[1]  The parties agree that the defendant is properly categorized as an armed career criminal pursuant to U.S.S.G. §4B1.4(b)(3), as stated in the PSR.  The government respectfully submits that Defendant Hamilton should be sentenced pursuant to U.S.S.G. §4B1.4(b)(3)(A), rather than subsection (b)(3)(B), because the defendant possessed the firearm in connection with a crime of violence, namely a burglary.  For purposes of the armed career criminal provision, the Sentencing Guidelines define "crime of violence" to include any burglary of a dwelling.  U.S.S.G. §4B1.2(a)(2).  Admittedly, the armed career criminal provision is silent as to whether a court should conclude that a firearm is possessed "in connection with" a crime of violence, such as a burglary, where the defendant simply obtains the firearm at issue by stealing it during the commission of a burglary, without using it in furtherance of the burglary.  In considering this issue, however, courts have looked to an analogous provision of the Sentencing Guidelines to determine how to properly define the phrase "in connection with."  See, e.g., United States v. Howard, 413 F.3d 861, 865 (8th Cir. 2005) (interpreting "in connection with" of U.S.S.G. §4B1.4(b)(3)(A) to have same meaning provided in § 2K2.1(b)); United States v. Gary, 74 F.3d 304 (1st Cir. 1996) (interpreting phrase "in connection with" to have same meaning for U.S.S.G. §4B1.4(b)(3)(A) and  U.S.S.G. § 2K2.1(b)); cf. United States v. Young, 115 F.3d 834, 837-838 (11th Cir. 1997) (holding that a firearm stolen in a burglary was possessed "in connection with" a crime of violence, permitting an enhanced sentence as an armed career offender pursuant to U.S.S.G. §4B1.4(b)(3)(A)).  Previously, there was a split among the Circuit Courts whether the analogous enhancement contained in U.S.S.G. §2K2.1(b) applied as a specific offense characteristic when the firearm at issue was stolen by a defendant during a burglary but not used in furtherance of the burglary.  Compare, e.g., United States v. Howard, 413 F.3d 861, 865 (8th Cir. 2005) (listing cases applying enhancement, then §2K2.1(b)(5), where firearm was stolen during a burglary) and United States v. Armstead, 114 F.3d 504, 511-513 (5th Cir. 1997), with United States v. Szakacs, 212 F.3d 344, 348-352 (7th Cir. 2000) (holding that enhancement, then §2K2.1(b)(5), did not apply to firearm stolen during burglary).  In the 2006 edition of the Sentencing Guidelines, §2K2.1(b)(6), the Sentencing Commission later resolved this issue with the addition of application note 14.B, making clear that a defendant's offense level should be increased 4 levels if the offender obtained the firearm during the commission of a burglary, even if the defendant did not engage in any other conduct with the firearm.  Based on the guidance from the Sentencing Commission, Defendant Hamilton should therefore be sentenced pursuant to U.S.S.G. §4B1.4(b)(3)(A).

U.S.S.G. §5E1.2(c)(3). With respect to the D.C. Code BRA charge pled to by the defendant in Count Two of the Information, the District of Columbia Sentencing Commission's voluntary sentencing guidelines do not cover misdemeanor offenses.

## Sentencing Recommendation

15.    The government recommends that the defendant be sentenced to 188 months incarceration, followed by 5 years of supervised release. The government's recommendation, which falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

16.    In Booker's wake, this Court must continue to resolve disputed questions of fact and law  and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply

the Guidelines, must consult those Guidelines and take them into account when sentencing."

Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)).   In light of this

mandate – and the continued requirement of written explanations for sentences that fall outside of

the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain

that a sentence within the Guidelines, while not required, is reasonable per se.  Not only is a sentence

within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal,

endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.  A

sentence of 188 months incarceration, within the defendant's Sentencing Guidelines range, satisfies

this goal.

17.    A sentence at the low end of the Sentencing Guideline range is not only

presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this

defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal

history, his willingness to accept responsibility at an early stage in the case, and the circumstances

by which he came to possess the firearms and ammunition in this case.  It is the government's

understanding that Defendant Hamilton obtained the firearms and ammunition as the serendipitous

fruits of the burglary he had committed earlier in the day on June 8, 2006, and that he intended to

sell the stolen items to fund his recurring drug addition.  The recommended sentence of 188 months

imprisonment is also supported by the factors to be considered by courts as articulated in 18 U.S.C.

§ 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should

consider:

> (1) the nature and circumstances of the offense and the history
> and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

(5) any pertinent policy statement issued by the Sentencing Commission . . . [;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). None of the factors enumerated in Section 3553(a) suggest an appropriate reason or extraordinary circumstance for the Court to depart from the recommended range or to impose a non-guidelines sentence.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 188 months of incarceration, followed by a 5 year period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Jerry Ray Smith, Esq., 717 D Street, N.W., Suite 400, Washington, DC 20004, this 1st day of May, 2007.


_____/s/_____
PERHAM GORJI, AUSA

-11-