HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-200</u> |
| vs. | : | SSN: |
| HAMILTON, Adam Keith | : | Disclosure Date: <u>April 16, 2007</u> |

**FILED**
MAY 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____         4/25/07
Prosecuting Attorney                    Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____       _____  _____
Defendant           Date          Defense Counsel     Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **April 30, 2007**, to U.S. Probation Officer **Michael Penders**, telephone number <u>(202) 565-1379</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Gennine A. Hagar, Chief
United States Probation Officer

**Receipt and Acknowledgment**  Page 2

See Attached Letter

Signed by: _[signature]_
(Defendant/Defense Attorney/AUSA)

Date: 4/25/07



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

April 24, 2007

Michael Penders
United States Probation Officer
U.S. Courthouse
333 Constitution Avenue., N.W.
Washington, D.C. 20001
Phone: (202) 565-1379
Fax: (202) 273-0242

BY MAIL and BY FAX

    Re: <u>United States v. Adam K. Hamilton</u>,
       Case No. 06-200 (1) (CKK)

Dear Mr. Penders:

  I am in receipt of your Presentence Investigation Report (PSR) in the above-referenced case. The government submits that, under the Sentencing Guidelines, the defendant's total offense level should be 31, and his range of imprisonment should be 188 to 235 months. As set forth below, the government is aware of the following inaccuracies in the PSR:

  The defendant's adjusted offense level, stated in Paragraph #29 of the PSR, should be 33. Paragraphs #24 and #25 of the PSR properly include the 4-level and 2-level increases for the specific offense characteristics contained in U.S.S.G. §2K2.1(b)(1)(B) and §2K2.1(b)(4)(A), respectively. However, the PSR fails to reduce the offense level to 29, which the Sentencing Guidelines state is the maximum level that may result from the combined application of U.S.S.G. §2K2.1(b)(1)(B) through §2K2.1(b)(4)(A). Finally, the PSR neglects to account for U.S.S.G. §2K2.1(b)(6), which adds 4 points to an offender's offense level if the firearm was used "in connection with another felony offense." Application note 14.B makes clear that a defendant's offense level should be increased 4 levels if the offender obtained the firearm during the commission of a burglary, even if the defendant did not engage in any other

conduct with the firearm.[1] The defendant's adjusted offense level stated in Paragraph #29 of the PSR should therefore be 33.

With greater importance at sentencing in this particular case, the armed career criminal enhancement applied in Paragraph #30 of the PSR, should be increased to level 34. The PSR should apply U.S.S.G. §4B1.4(b)(3)(A), rather than subsection (b)(3)(B), because the firearm was possessed "in connection with" a crime of violence, in this case a burglary. The Sentencing Guidelines define "crime of violence" to include any burglary of a dwelling. U.S.S.G. §4B1.2(a)(2). Admittedly, the armed career criminal provision is silent as to whether a court should conclude that a firearm is possessed "in connection with" a crime of violence where the defendant simply obtains the firearm at issue by stealing it during the commission of a burglary, without using it in furtherance of the burglary. In considering this issue, however, courts have looked to an analogous provision of the Sentencing Guidelines to determine how to properly define the phrase "in connection with." See, e.g., United States v. Howard, 413 F.3d 861, 865 (8th Cir. 2005) (interpreting "in connection with" of U.S.S.G. §4B1.4(b)(3)(A) to have same meaning provided in §2K2.1(b)); United States v. Gary, 74 F.3d 304 (1st Cir. 1996) (interpreting phrase "in connection with" to have same meaning in both U.S.S.G. §4B1.4(b)(3)(A) and U.S.S.G. §2K2.1(b)); cf. United States v. Young, 115 F.3d 834, 837-838 (11th Cir. 1997) (holding that a firearm stolen in a burglary was possessed "in connection with" a crime of violence, permitting an enhanced sentence as an armed career offender pursuant to U.S.S.G. §4B1.4(b)(3)(A)). As explained above, the Sentencing Commission has instructed in the analogous context of U.S.S.G. §2K2.1(b)(6) that four points should be added to an offender's offense level if the firearm was used "in connection with another felony offense" even where the firearm is obtained during the commission of a burglary, yet not used by the defendant in any other manner. U.S.S.G. §2K2.1(b)(6), application note 14.B. With this guidance, the PSR should reflect that the firearm was possessed in connection with a crime of violence and should apply U.S.S.G. §4B1.4(b)(3)(A), rather than subsection (b)(3)(B), for purposes of the armed career criminal provision. As a result, the defendant's enhanced offense level should be 34, and his total offense level should be 31, taking his early acceptance of responsibility into account. Accordingly, the defendant's range of imprisonment, stated in Paragraph #89 of the PSR, should be 188 to 235 months.

---

[1] Previously, there was a split among the Circuit Courts whether the enhancement for this specific offense characteristic applied when the firearm at issue was stolen by a defendant during the commission of a burglary but not used in furtherance of the burglary. Compare, e.g., United States v. Howard, 413 F.3d 861, 865 (8th Cir. 2005) (listing cases applying enhancement under what was then § 2K2.1(b)(5)) and United States v. Armstead, 114 F.3d 504, 511-513 (5th Cir. 1997), with United States v. Szakacs, 212 F.3d 344, 348-352 (7th Cir. 2000) (holding that enhancement under § 2K2.1(b)(5) did not apply to firearm stolen during burglary). The Sentencing Commission later resolved this issue in application note 14.B of the 2006 edition of the Sentencing Guidelines, making clear that courts should apply U.S.S.G. §2K2.1.(b)(6) under such circumstances.

If you have any questions about the government's position, please give me a call at my office number, (202) 353-8822.

Sincerely,

*[signature]*

Perham Gorji
Assistant U.S. Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822
perham.gorji@usdoj.gov

cc: Jerry Smith, Esq.