HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-200</u> |
| vs. | : | SSN: |
| HAMILTON, Adam Keith | : | Disclosure Date: <u>April 16, 2007</u> |

FILED
MAY 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____      _____
Prosecuting Attorney                                    Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_ 4-30-07      _[signature]_ 4/30/07
Defendant          Date                Defense Counsel         Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>April 30, 2007</u>, to U.S. Probation Officer <u>Michael Penders</u>, telephone number <u>(202) 565-1379</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation officer.

FOR THE COURT

By:  Gennine A. Hagar, Chief
     United States Probation Officer

## OBJECTIONS AND COMMENTS
## TO PRE-SENTENCE INVESTIGATION REPORT

Paragraph 2—the government filed the Information. No grand jury was involved.

Paragraph 30—I believe you are correct in saying that Mr. Hamilton's unadjusted offense level is 33. If you change the number to 34 based on Mr. Gorji's comments, I would ask that you note that it is Mr. Hamilton's position that his unadjusted offense level is 33. When the Sentencing Commission crafted U.S.S.G., Section 4B1.4(b)(3)(A), I believe they meant it to apply to people who deliberately arm themselves with the intent to commit the underlying crime of violence while armed—not to someone who simply plans to commit a burglary without being armed and then ends up stealing guns during the commission of the crime. In this instance, the person committing the crime of violence (burglary) had no intent to be armed when he embarked on the crime. A person who deliberately arms himself with the intent to commit a crime of violence while being armed obviously has a more sinister intent than a person who haplessly discovers some guns while committing a burglary and then decides to steal them. I therefore don't believe the Sentencing Commission could have meant to punish the two different types of individuals the same.

Paragraph 35—Mr. Hamilton feels pretty sure that he got probation without judgment in this case.

Paragraph 42—the last three paragraphs on this page describe three separate incidents, yet Mr. Hamilton was only convicted on two counts. Thus, it appears that at least one of the events described in the last three paragraphs concerns conduct for which Mr. Hamilton was not convicted. As it stands now, it appears that three separate thefts were proven when in fact Mr. Hamilton only admitted to two. It very well may be that all three thefts were alleged in the indictment. If the PSI made clear that the three thefts described in the last three paragraphs were only "alleged" in the indictment, then his objection will be withdrawn.

Paragraph 76—Mr. Hamilton says that he was only able to complete four months at Saint Jude's—not seven.

Paragraph 78—when Mr. Hamilton stated that, if he does not get drug treatment, he "will come out and go right back [to using and committing crime], it's just a vicious cycle," he was commenting on the depth of his addiction. Accordingly, his statement demonstrates that he has insight into just how serious his drug problem is. I know this is more of a stylistic point than an objection proper, but as the paragraph is written now, it sounds like Mr. Hamilton was <u>threatening</u> to continue his illegal behaviors unless someone sees fit to give him drug treatment. Perhaps the last sentence of the paragraph could simply read, "Mr. Hamilton added that he understands that he must address his drug problem while he is incarcerated, or he 'will come out and go right back, it's just a vicious cycle." This more accurately portrays what Mr. Hamilton intended when he made the comment.